UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANDRÉS OSWALDO | * | |
| BOLLAT VASQEUZ, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-10566-IT |
| | * | |
| CHAD F. WOLF, Acting Secretary | * | |
| of Homeland Security, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER
April 10, 2020

TALWANI, D.J.

I.    Introduction

Pending before the court is Defendants' Motion to Correct Assignment and Return to Clerk for Reassignment Pursuant to Local Rule 40.1(g) ("Mtn. to Correct") [#16]. Defendants contend that this case was erroneously designated as related to Constanza Lemus, et al. v. Wolf, et al., 1:20-cv-10009-IT. For the reasons that follow, the court finds the cases are related under Local Rule 40.1(g). Accordingly, Defendants' Motion [#16] is DENIED.

II.    Background

The plaintiffs in Constanza Lemus filed their Complaint (20-cv-10009) [#1] on January 3, 2020, challenging the federal government's Migrant Protection Protocol (MPP) under the Administrative Procedure Act (APA) and the Constitution. Complaint (20-cv-10009) [#1]. The plaintiffs alleged that the government unlawfully promulgated arbitrary and capricious new legislative rules, collectively referred to as the Migrant Protection Protocol, through "press releases, memorandums, and shifting unilateral practices" without notice-and-comment, all in violation of the APA, id. at 13, 28-30, and that this new Protocol is motivated by impermissible animus in violation

of the Constitution's equal protection guarantee. Id. at 9-12, 32. They sought a declaration that the MPP and its non-refoulement procedures are unlawful. Id. at 32.

The plaintiffs in Constanza Lemus alleged further that they were a family of asylum seekers, two of whom had been sent to Mexico under MPP and two of whom were residing in Massachusetts pending the adjudication of their asylum claims, and that, as applied to them, the unlawfully implemented MPP policy violated the international obligation of non-refoulement,[1] the plaintiffs' procedural and substantive due process rights, and provisions of the Immigration and Nationality Act addressing asylum, the removal of individuals expressing a fear of persecution, and the return of certain "arriving" immigrants to contiguous territories pending removal proceedings. Id. at 25-28, 31-32. They sought a declaration that the plaintiffs were unlawfully subjected to the MPP and an injunction preventing its further application to them.[2] Id. at 32-33.

On January 22, 2020, the plaintiffs filed a Motion for Preliminary Injunction (20-cv-10009) [#12]. On February 3, the defendants filed an Assented to Motion to Stay Briefing for 24 hours to facilitate settlement discussions. Elec. Ord. (20-cv-10009) [#28]. The following day, the parties filed a Joint Motion to Stay Briefing (20-cv-10009) [#30] for 14 days to allow their settlement

---

[1] Plaintiffs specifically challenge the procedure by which DHS conducts "non-refoulement interviews" under the MPP, including failing to offer such interviews unless migrants affirmatively express a fear of return to Mexico and, when interviews are conducted, requiring migrants to demonstrate that they are "more likely than not" to experience persecution on account of a protected ground or suffer torture, the same standard migrants must meet at a final hearing on a claim of withholding of removal under the INA in front of an immigration judge. Plaintiffs also objected to the unreviewability of determinations made by DHS after these "non-refoulement interviews," in contrast to determinations made after credible or reasonable fear interviews, which are reviewable by an immigration judge pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(III) and 8 C.F.R. § 208.31(g), respectively. See Complaint 8-9, 13-14 (20-cv-10009) [#1].

[2] Specifically, the plaintiffs sought a court order that they be permitted to enter and remain in the United States during the pendency of their removal proceedings or that they be provided with a non-refoulement interview consistent, at a minimum, with the regulations governing reasonable fear interviews. Complaint 33 (20-cv-10009) [#1].

agreement to take effect. On February 7, 2020, the parties jointly stipulated to dismissal. Stipulated Dismissal (20-cv-10009) [#34].

In the instant action, Plaintiffs bring the same challenge to the MPP under the APA and the Constitution. Complaint [#1]. Just as in Constanza Lemus, Plaintiffs here claim that the MPP comprises arbitrary and capricious new legislative rules promulgated without notice-and-comment in violation of the APA, and that this new Protocol is motivated by impermissible animus in violation of the Constitution's guarantee of equal protection under the law. Id. at 31, 33. Just as in Constanza Lemus, Plaintiffs here seek a declaration that the MPP and its non-refoulement procedures are unlawful. Id. at 35.

Plaintiffs here allege further that they are three families, each including asylum-seeking members sent to Mexico under the federal government's Migrant Protection Protocol (MPP), and that, as applied to them, the MPP contravenes international law[3] and Plaintiffs' procedural and substantive due process rights, as well as various provisions of the Immigration and Nationality Act relating to asylum, the processing of individuals expressing a fear of persecution, and the return of certain "arriving" immigrants to a contiguous territory in violation of the APA. Id. at 28-30, 34-35. They seek an additional declaration that MPP was unlawfully applied to them and an injunction preventing any further such application. Id. at 35.[4]

---

[3] Plaintiffs, like the plaintiffs in Constanza Lemus, challenge the procedure by which DHS conducts "non-refoulement interviews" under the MPP. Complaint 14-15, 30, 34-35 [#1].

[4] Like the plaintiffs in Constanza Lemus, Plaintiffs specifically seek a court order that they be permitted to enter and remain in the United States during the pendency of their removal proceedings or that they be provided with a non-refoulement interview consistent, at a minimum, with the regulations governing reasonable fear interviews. Complaint 33 (20-cv-10009) [#1].

III.   <u>Analysis</u>

Local Rule 40.1(g) provides that, unless more than two years have passed since the closing of the previous action, two civil cases are related where:

> some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property, transaction or event; or the cases involve substantially the same questions of fact and law.

L.R., D. Mass. 40.1(g)(1).

This case, filed less than six weeks after the Stipulated Dismissal in <u>Constanza Lemus</u>, brings the same claims, against the same six defendants, challenging the Migrant Protection Protocol as did the plaintiffs in the previous action. Specifically, the plaintiffs in both cases alleged or allege that the MPP is an arbitrary and capricious new policy instituted without the required notice-and-comment period in violation of the Administrative Procedure Act and that it is motivated by impermissible animus in violation of the Constitution's equal protection guarantee. Moreover, the claims in both cases stem from the same "event," that is, the promulgation of the Migrant Protection Protocol. The cases also involve the same questions of fact (relating to the promulgation of the MPP) and law. Indeed, these cases are so closely related that had counsel (who also represent the plaintiffs in <u>Constanza Lemus</u>) sought leave to file an amended complaint joining in Plaintiffs here as plaintiffs in <u>Constanza Lemus</u>, joinder would have been proper under Federal Rule of Civil Procedure 20(a)(1) ("Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any questions of law or fact common to all plaintiffs will arise in the action").

Defendants contend that government departmental heads sued in their official capacities should not be considered the "same parties" under Local Rule 40.1(g) in order to prevent judge

shopping and, thus, because none of the plaintiffs in the instant case are the same as the plaintiffs in Constanza Lemus, this case is not properly considered "related" to the previous one. Mtn. to Correct 2-4 [#17]. Defendants express concern that deeming cases involving government departmental heads "related" would abuse the local rule, allowing plaintiffs to "cherry-pick" any judge who had previously presided over a case against the relevant agency. Mtn. to Correct 3 [#17]. The court has no disagreement as to the importance of an indiscriminate case assignment process. However, Defendant's interpretation of Local Rule 40.1(g) would simply shift the opportunity for judge shopping to the government, which could resolve an individual case through settlement in the hope of having the relevant legal questions addressed on the merits by a different judge in a later case. Moreover, as Plaintiffs correctly highlight, the requirement that "some parties" be shared is only a threshold requirement for the relation of cases, not the end of the analysis. See Pls.' Resp. 3 [#22]. Here, the instant action shares not only all six defendants with Constanza Lemus, but also involves a challenge to the same central event – the government's promulgation of the MPP.

Accordingly, Defendants' Motion to Correct Assignment and Return to Clerk for Reassignment Pursuant to Local Rule 40.1(G) ("Mtn. to Correct") [#16] is DENIED.


IT IS SO ORDERED.

Date:   April 10, 2020                                          /s/ Indira Talwani
                                                                United States District Judge